# IN THE COURT OF APPEALS OF IOWA

––––––––––––––

No. 24-1387
Filed April 1, 2026

––––––––––––––

**State of Iowa,**
Plaintiff–Appellee,

v.

**Jacob Dean Archer,**
Defendant–Appellant.

––––––––––––––

Appeal from the Iowa District Court for Guthrie County,
The Honorable Virginia Cobb, Judge.

––––––––––––––

**APPEAL DISMISSED**

––––––––––––––

Thomas Hurd of Hurd Law Firm PLC, Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

––––––––––––––

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

Pursuant to a plea agreement, Jacob Archer pleaded guilty to operating while intoxicated (OWI), third or subsequent offense, and driving while revoked. As part of the plea agreement, the parties agreed to jointly recommend that Archer's OWI sentence be ordered to be served concurrently to the sentence he received for a prior OWI, third offense, in a different county. The district court imposed the agreed-upon sentence.

Archer appeals. He contends that defects in the sentencing proceeding in his OWI case in the other county somehow constitute a sentencing error in this case due to the sentence here being ordered to be served concurrently to that other sentence.[1]

Before considering the merits of Archer's claim, we must first decide whether we have jurisdiction over his appeal. Because he pleaded guilty to an offense other than a class "A" felony, Archer must establish good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2024). Appealing a sentence—as Archer does here—constitutes good cause, but only if the sentence is discretionary and neither mandatory nor agreed to as part of a plea agreement. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Archer received the sentence he agreed to under the terms of his plea agreement. Therefore, he has failed to establish good cause to appeal. *See, e.g.*, *State v. Spencer*, No. 23-0844, 2024 WL 3518267, at *1 (Iowa Ct. App. July 24, 2024). As such, we do not have jurisdiction over his appeal, and we dismiss it. *See* Iowa Code § 814.6(1)(a)(3).

**APPEAL DISMISSED.**

---

[1] Archer's claim of a sentencing defect in his other case was rejected on appeal. *See State v. Archer*, No. 24-1305, 2025 WL 3654042, at *1 (Iowa Ct. App. Dec. 17, 2025).